## AINSWORTH *v.* THE STATE, 5 Howard, 242.

### ASSAULT WITH INTENT TO KILL AND MURDER.

Where the indictment charged that the prisoner, "with force and arms in the county aforesaid, in and upon the left arm of him, the said Alson Shelby, then and there feloniously and maliciously did, with a certain drawn knife, stab and wound, with intent, then and there, feloniously, wilfully, and of his malice aforethought, the said Alson Shelby, to kill and murder," the indictment was held bad, because it did not allege that the prisoner " did *assault and beat,* and because it did not charge that the instrument was a *deadly weapon.*

Error to the circuit court of Clarke county.

The prisoner was indicted under the act of· 1839, in the words following, to wit : " That Sampson Ainsworth, late of the county aforesaid, laborer, on the 20th day of September, 1839, with force and arms in the county aforesaid, one Alson Shelby, in and upon the left arm of him, the said Alson Shelby, then and there feloniously and maliciously did, with a certain *drawn knife,* stab and wound, with intent then and there, feloniously, wilfully, and of his malice aforethought, the said Alson Shelby, to kill and murder, contrary to the form of the statute," etc.

The language of the statute is : " Every person who shall be convicted of shooting at another, or of attempting to discharge any kind of fire-arms, or any air-gun, at another, or of any *assault and battery* upon another, by means of any *deadly weapon,* or by such other means or force as was likely to produce death, with intent to kill, maim, ravish, or rob such other person, or in the attempt to commit burglary, larceny, or other felony, etc., shall be punished by imprisonment," etc.

*Forrester* for plaintiff in error.

The offense charged in the indictment is unknown to our ·riminal code.   At common law the offense was an assault with

intent to kill, etc.   The offense described in the penitentiary code is an "*assault and battery* upon another, with a *deadly weapon*, or by such other means as was likely to produce death, with intent to kill," etc.   How. & Hutch., 698, sec. 33.

1st. There must be an *assault and battery*.   The words "stabbing and wounding" are not descriptive of the offense named in the statute; although stabbing and wounding may, under certain circumstances, be an assault and battery.   If these words were used synonymously, it would still be fatal where technical words are used in the statute, because in such cases no words can be substituted as exactly descriptive of the offense.   1 Chit. Crim. Law, 283, note A; United States v. Batchelder, Gallison's Rep. 18; 1 Haywood, 403; 9 Pick., 143; 6 Am. Com. Law Rep. 12, letter B; 11 C., 589.

2d. The offense must be committed with a deadly weapon, or such other means or force, as was likely to produce death.   The indictment should, but does not, show the weapon used to be deadly, or such other means or force as was likely to produce death.   Starkie's Crim. Pl., 244, Gillespie's case.   In an indictment under a statute, the offense must be brought within all the material words of the statute.   Nothing is to be taken by intendment.   6 Am. Com. Law Rep., 34, letter A; 1 Baily S. C. Rep., 144.   All knives are not deadly weapons, nor would the use of one not calculated to produce death, come within the province of the statute.   Starkie's Crim. Pl., 249.

The caption of the indictment is defective in stating that it was found in a circuit court of law, of Jasper county; no such court being known to the law of this state.   15 sec. Constitution.

Although the caption is no part of the indictment, it must show with sufficient certainty the court before which it was found, so as to show that the court had jurisdiction of the offense charged.   6 Am. Com. Law Rep. 12 and 13, letter C, 2 n.; also 3 Johnson's cases, People v. Guernsey, 266, and cases cited.

*A L. Hays*, on same side.

*T. F. Collins*, attorney general.

The first cause for quashing the indictment is, that it states the grand jurors *for* the state, etc., instead of the grand jurors

*of* the state, etc.  This is not error.  See Arch. Cr. Pl., 418. The two words, *for* and *of*, in legal intendment, mean the same thing.  Byrd v. The State, 1 How., 172.

The crime of stabbing, with intent to kill and murder, is fully embraced in the act of 1839.  The terms felony and feloniously apply to crimes, the punishment of which is death, or confinement in the penitentiary.  Act 1839, sec. 24.

The expressions in the indictment, " with intent to kill and murder," convey only the idea of committing murder, and are not double.  Arch. Crim. Pl., 54.  The indictment is certain to a certain intent in general, which is all the law requires.  Arch. Crim. Pl., 43 ; Coke Lit., 303 ; Act 1839, sec. 3.

TURNER, J.:

The exception to this indictment is, that the supposed offense is a statutory offense, and not an offense at common law, and is not described in the substantial language of the statute.

It is said, in our law authorities, that it is in general necessary, not only to set forth on the record all the circumstances which make up the statutable definition of the offense, but also to pursue the precise and technical language in which they are expressed.  1 Chitty Cr. Law, 283 ; and other authorities there cited.  See also Starkie Cr. Pleading, 248.

The statute speaks of an assault and battery, by means of a deadly weapon.  The indictment does not state that there was an assault and battery, neither does it state that the supposed stabbing was with a deadly weapon.  The substance of the charge in the indictment is, that the accused stabbed and wounded Shelby with a drawn knife.  The indictment should have alleged that the accused did assault and beat, and it should also have alleged that the assault was made with a deadly weapon.

The act aforesaid further provides that " if by such other means or force as was likely to produce death, with intent to kill, etc., shall be punished," etc.

If this clause is relied on, the same particularity and certainty, as to the assault and battery, and the means used, should be observed in the indictment.

Judgment reversed, and prisoner remanded for further proceedings in the court below.